# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 8310 | DATE | 12/6/2000 |
| CASE TITLE | Charles Singleton vs. Montgomery Ward Credit et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: The motion to dismiss brought by Montgomery Ward Credit Corporation and General Electric Capital Credit Corporation is granted in part and denied in part. Plaintiff is granted leave to file a second amended complaint consistent with this ruling on or before 1/10/2001. Motion to dismiss [8-1] is denied.

(13-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 11 2000 | |
| | Notified counsel by telephone. | | date docketed | 25 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 DEC 10 PM 3: 35 | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES SINGLETON, )
)
Plaintiff, )
)  Case. No. 99 C 8310
v. )
)  Judge Wayne R. Andersen
)
MONTGOMERY WARD CREDIT )
CORPORATION AND GE CAPITAL )
CREDIT CORPORATION, FOREIGN )
CORPORATIONS, AND BLATT, )          **DOCKETED**
HASENMILLER, LEIBSKER, )
MOORE & PELLETTIERI, )              DEC 1 1 2000
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court are the motions to dismiss brought by defendants Montgomery Ward Credit Corporation ("Montgomery Ward"), General Electric Capital Credit Corporation ("GE") and Blatt, Hasenmiller, Leibsker, Moore & Pelletieri ("Blatt"). For the following reasons, the motion to dismiss brought by Montgomery Ward and General Electric is granted in part and denied in part and the motion to dismiss brought by Blatt is denied.

## BACKGROUND

We construe all allegations in Charles Singleton's Amended Class Action Complaint as true. Plaintiff alleges that Montgomery Ward and GE service retail credit accounts for themselves and their affiliates, and collect their own debts and those of their affiliates. Plaintiff alleges that his name appears on a summary of account CS1G73545957116. Montgomery Ward and GE attempted to collect monies due under that account. Plaintiff alleges that the account belonged to Daisy



Singleton, whom plaintiff divorced on January 18, 1974. Plaintiff alleges that all charges due on the account were made by Daisy, without his knowledge or approval, after the divorce.

Montgomery Ward and GE Credit referred the matter to their attorneys, Blatt, Hasenmiller, Leibsker, Moore & Pelletieri. Plaintiff alleges that he was contacted several times by telephone, but that the individuals did not identify themselves. Singleton alleges that Blatt did not attempt to verify the debt and had no procedures in place to avoid errors in debt collection.

Defendants filed a complaint in the Circuit Court of Cook County seeking a judgment for $7771.07 and $778 in attorney's fees. Attached to the Complaint was an affidavit of indebtedness stating that Charles Singleton owed $7771.07 to Montgomery Ward Credit Corporation.

Plaintiff alleges that defendants intentionally schemed to deceive and that the defendants were aware that he did not owe the alleged debt. In Count I, Singleton alleges a violation of the Fair Debt Practices Collection Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). He alleges that defendants failed to review the account file, failed to maintain procedures for reviewing accounts, and contacted him improperly. In Count II, Singleton alleges that defendants violated the Illinois Consumer Fraud & Deceptive Practices Act, 815 ILCS 505/1 et seq. ("CFA"). Finally, Singleton alleges that a class should be certified to address defendants' alleged policies.

## DISCUSSION

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests whether the plaintiff has stated a claim, not whether the plaintiff will prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997). The court may

dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

I. The Motion to Dismiss Count I Brought by Montgomery Ward Credit Corporation and General Electric Capital Credit Corporation

Montgomery Ward and GE argue that they are not "debt collectors" under the FDCPA. Under the FDCPA a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a. Montgomery Ward and GE, however, do not argue that they are not included within that definition. They argue that they fall within a statutory exception to the FDCPA. The exception states that the Act does not apply to: "any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts." 15 U.S.C. § 1692a(6)(B). Plaintiff does not contest that Montgomery Ward and GE only work for affiliated corporations and that the principal business of those corporations is not the collection of debts. Therefore, both defendants qualify for the exception.

Plaintiff argues that defendants should not be shielded from liability for their allegedly wrongful actions and defendants should not be shielded from liability for their attorneys' actions. The Seventh Circuit has clearly answered plaintiff's first argument. Under the FDCPA, a creditor who collects in its own name and whose principal business is not debt collection is not subject to the

Act. Aubert v. American General Finance, Inc., 137 F.3d 976, 978 (7th Cir. 1998). Even if this allows an affiliate to escape liability as a debt collector, we must enforce the statute according to its own terms. Id. at 979. Neither Montgomery Ward nor GE are liable as debt collectors under the FDCPA.

Plaintiff also argues that Montgomery Ward and GE should be liable under a vicarious liability theory. Singleton alleges that defendants knowingly conspired to defraud him and that all defendants should be liable for Blatt's actions. An entity can only be vicariously liable under the FDCPA, however, if it is a debt collector. Carson v. Maxwell, 48 F.Supp.2d 932, 935 (D.Ariz. 1999). By its own terms, the purposes of the FDCPA are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Montgomery Ward and GE are not debt collectors. Therefore, they are not covered by the FDCPA. We grant the motion to dismiss brought by Montgomery Ward Credit Corporation and General Electric Capital Credit Corporation.

II.   The Motions to Dismiss Count II Brought By All Defendants

In Count II, Singleton alleges that Montgomery Ward, GE and Blatt violated the Illinois Consumer Fraud and Deceptive Practices Act. Singleton alleges that Blatt attempted to induce him to pay the allegedly false debt through false and deceptive acts and omissions. Defendants argue that plaintiff's conclusory allegations are insufficient and that plaintiff has failed to allege actual damages. In order to state a cause of action under the CFA, a plaintiff must allege facts establishing "(1) a deceptive act or unfair practice; (2) an intent by defendant that plaintiff rely on the deception;

4

and (3) the deception occurred during trade or commerce." Tudor v. Jewel Food Stores, Inc., 288 Ill.App.3d 207, 209, 681 N.E.2d 6, 7 (1st Dist. 1997). Plaintiff has alleged that the representations during the telephone calls to his house and the filing of a case in state court were part of a scheme to defraud him. Singleton has made sufficient allegations to survive a motion to dismiss.

Singleton does not have to allege actual damages under the CFA because a plaintiff may recover nominal damages if a defendant has intentionally violated the CFA. Egli v. Bass, 1998 WL 560270, *3 (N.D.Ill. 1998); Duran V. Leslie Oldsmobile, Inc., 229 Ill.App.3d 1032, 1041, 594 N.E.2d 1355, 1362 (2nd Dist. 1992). Singleton has alleged an intentional violation. Therefore, we deny defendants' motions to dismiss Count II.

  II.  The Motion to Dismiss Count I Brought by Blatt, Hasenmiller, Leibsker, Moore & Pellettieri

Singleton alleges that Blatt violated the FDCPA and Illinois Consumer Fraud & Deceptive Practices Act by failing to maintain procedures to avoid errors in debt collecting, violating prohibitions which apply to telephone collection efforts by debt collectors, and by attempting to collect a non-existent debt. Blatt argues that it is shielded from suit because it obtained an affidavit, dated May 6, 1998, from Montgomery Ward Credit Corporation which verifies that the debt belongs to Singleton. Further, Blatt argues that Singleton has insufficiently pled unfair collection methods.

  A.  Affidavit

Plaintiff attached the affidavit of indebtedness as exhibit E to the Amended Class Action Complaint. The affidavit is signed by Carolyn Watson, a litigation specialist employed by Montgomery Ward, and under oath she states that Charles Singleton or members of his family owe

$7,771.07 to Montgomery Ward. Blatt argues that the affidavit shields it from Singleton's claims that it had insufficient procedures and attempted to collect a non-existent debt. We disagree.

A debt collector, even an attorney debt collector, does not have a duty to make independent investigations to determine whether debts are bona fide. Jenkins v. Heintz, 124 F.3d 824, 834 (7th Cir.), cert. denied 523 U.S. 1022 (1998). However, a debt collector can only be shielded from liability if it can "show by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error." 15 U.S.C. 1692k(c). Singleton has alleged that GE Credit and Montgomery Ward "authorized the Blatt firm to make unsupported allegations and to file a false affidavit in support of a baseless claim of an account stated. Rather than a bona fide error, this was knowing and intentional conduct on the part of the defendants, the collection suit being an extension, and a part of defendants' wrongful debt collection activities against Singleton."

Construing the allegations liberally as we must, Singleton alleges that Blatt participated in an intentional scheme to defraud him by collecting false debts. Therefore, we cannot say that the affidavit shields Blatt from this litigation because Singleton argues that the affidavit is part of the scheme. Therefore, we deny Blatt's motion to dismiss Counts I based on the affidavit.

      B.     Unfair Collection Methods

Singleton alleges that he did not receive a letter of initial contact, did not receive notice of the statutorily set 30 days in which he could dispute the debt or require verification of the debt, and that he was called on the telephone. Singleton argues that the above conduct constitute violations of the FDCPA. Blatt argues that Singleton has failed to sufficiently allege these violations. First,

Blatt states that Singleton has not alleged that a letter of initial contact was not mailed. Second, Blatt states that Singleton has not alleged that a Blatt representative made the phone calls.

A complaint, even one alleging a violation of the FDCPA, must only satisfy federal notice pleading requirements. Johnson v. Revenue Management Co., 169 F.3d 1057, 1059 (7th Cir. 1999). The complaint states that Singleton did not receive a letter of initial contact and that collection calls were made. If Singleton cannot provide evidence showing that Blatt failed to send a letter of initial contact and that the phone calls were initiated by representatives of Blatt, then this matter will be addressed on summary judgment. Construing the allegations in the light most favorable to the plaintiff, we deny Blatt's motion to dismiss the allegations in Count I.

## CONCLUSION

The motion to dismiss brought by Montgomery Ward Credit Corporation and General Electric Capital Credit Corporation is granted in part and denied in part. The motion is granted to the extent that the allegations in Count I against Montgomery Ward Credit Corporation and General Electric Capital Creidit Corporation are dismissed. The motions brought by all defendants to dismiss Count II are denied. The motion to dismiss Count I brought by Blatt, Hasenmiller, Leibaker, Moore & Pelletieri is denied. Plaintiff is granted leave to file a Second Amended Complaint consistent with this ruling on or before January 10, 2001.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: December 6, 2000